UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

KABIL DJENASEVIC,

        Petitioner,

   v.

PEOPLE OF THE STATE OF NEW YORK,

        Respondent.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
17-CV-6366 (MKB)

MARGO K. BRODIE, United States District Judge:

 Petitioner Kabil Djenasevic,[1] proceeding *pro se* and currently incarcerated at a federal facility, brings the above-captioned petition for habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being held in custody pursuant to judgments of a state court in violation of his federal constitutional rights. (Pet. for Writ of Habeas Corpus ("Pet."), Docket Entry No. 1.) Petitioner's claims arise out of his convictions in the New York State Supreme Court, Kings County in 1991 and 1994. (*Id*. at 1, 18, 62.)[2] The Court grants Petitioner's motion to proceed *in forma pauperis* ("IFP") for the purpose of this Memorandum and Order. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reason set forth below, the Court denies the petition.

---

 [1] Petitioner is also known as Anton Genase, Kabil Genase, and Kabil Kraja. *See United States v. Djenasevic*, 248 F. App'x 135 (11th Cir. 2007).

 [2] Petitioner attaches multiple documents to the petition, including copies of his post-conviction relief motions in state court. (Pet. 35–84.) Because the attachments are not labeled or consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing System ("ECF").

I.  **Background**

On June 6, 1991, Petitioner was convicted of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree (the "1991 Conviction"). (Pet. 10.) Petitioner was sentenced to a term of imprisonment of on-and-a-half years to four years. (*Id*. at 1.) On August 16, 1993, the Appellate Division, Second Department affirmed the conviction and sentence. *People v. Kraja*, 602 N.Y.S.2d 42 (App. Div. 1993). On October 26, 1993, the New York Court of Appeals denied leave to appeal. *People v. Kraja*, 624 N.E.2d 1037 (1993). On November 5, 2013, Petitioner filed a motion to vacate judgment in state court. (Pet. 10.) On July 24, 2014, the state court denied the motion. (*Id*.) On May 16, 2015, the Appellate Division, Second Department denied Petitioner leave to appeal. (*Id*. at 42.)

On April 6, 1994, Petitioner was convicted of attempted robbery and grand larceny,[3] and was sentenced to a term of eighteen months to thirty-six months (the "1994 Convictions"). (Pet. 1, 26–28.)

On May 30, 2012, Petitioner was convicted of conspiracy to possess with intent to distribute one kilogram or more of heroin, distribution of heroin, and being a felon in possession of a firearm in the United States District Court for the Middle District of Florida, and was sentenced to 292 months in custody (the "2012 Conviction"). *See Djenasevic v. United States*, No. 15-CV-914, 2018 WL 2943260, at *2 (M.D. Fl. June 12, 2018). Petitioner is currently serving his sentence for the 2012 Conviction.

---

[3] It appears that Petitioner's charges for attempted robbery and grand larceny were under separate indictments but were consolidated for purposes of a guilty plea and sentence. (Pet. 62.)

## II. Discussion

### a. Standard of review

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment may only be brought on the grounds that his or her custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner is required to show that the state court decision, having been adjudicated on the merits, is either "contrary to, or involved an unreasonable application of, clearly established Federal law" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Kernan v. Hinojosa*, --- U.S. ---, ---, 136 S. Ct. 1603, 1604 (2016) (per curiam); *Hittson v. Chatman*, --- U.S. ---, ---, 135 S. Ct. 2126, 2126 (2015); *Woods v. Donald*, --- U.S. ---, ---, 135 S. Ct. 1372, 1374 (2015) (per curiam); *Johnson v. Williams*, 568 U.S. 289, 292 (2013). "An 'adjudication on the merits' is one that '(1) disposes of the claim on the merits, and (2) reduces its disposition to judgment.'" *Bell v. Miller*, 500 F.3d 149, 155 (2d Cir. 2007) (quoting *Sellan v. Kuhlman*, 261 F.3d 303, 313 (2d Cir. 2001)); *see also Kernan*, 136 S. Ct. at 1606; *Harrington v. Richter*, 562 U.S. 86, 98 (2011). Under the section 2254(d) standards, a state court's decision must stand as long as "fairminded jurists could disagree on the correctness of the . . . decision." *Richter*, 562 U.S. at 101 (2011) (citation and internal quotation marks omitted).

For the purposes of federal habeas review, "clearly established law" is defined as "the holdings, as opposed to dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *see also Glebe v. Frost*, 135 S. Ct. 429, 431 (2014) (per curiam) ("As we have repeatedly emphasized, however, circuit precedent does not constitute clearly established Federal law, as determined by the Supreme

3

Court [under] § 2254(d)(1)."); *Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012) (per curiam) ("The Sixth Circuit also erred by consulting its own precedents, rather than those of this Court, in assessing the reasonableness of the [state] [c]ourt's decision."). A state court decision is "contrary to," or an "unreasonable application of," clearly established law if the decision (1) is contrary to Supreme Court precedent on a question of law; (2) arrives at a conclusion different than that reached by the Supreme Court on "materially indistinguishable" facts; or (3) identifies the correct governing legal rule but unreasonably applies it to the facts of the petitioner's case. *Williams,* 529 U.S. at 412–13. In order to establish that a state court decision is an unreasonable application of federal law, the state court decision must be "more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The decision must be "objectively unreasonable." *Id.* In addition, factual determinations made by the state court are presumed to be correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

  **b. Petitioner is not in custody on his 1991 or 1994 Convictions**

  Petitioner alleges that he is "actually innocent" and pleaded guilty "because he had no other choice." (Pet. 6–9.) Petitioner further alleges that a witness who testified against him provided false testimony at a hearing regarding one of Petitioner's indictments and that his attorney at the time provided ineffective assistance of counsel. (*Id.* at 9.)

  For purposes of federal habeas review, the petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Finkelstein v. Spitzer*, 455 F.3d 131, 133 (2d Cir. 2006) (quoting *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989)). When a petitioner's sentence for a conviction has fully expired, the conviction may not be challenged because the petitioner is no longer "in custody" pursuant to that conviction. *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401–02 (2001); *Ogunwomoju v. United States*, 512 F.3d 69,

74 (2d Cir. 2008) ("'[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.'" (quoting *Maleng*, 490 U.S. at 492)); *Valdez v. Hulihan*, 640 F. Supp. 2d 514, 515 (S.D.N.Y. 2009) ("[O]nce a sentence has been completely served and thus expired, an individual is no longer 'in custody' under that conviction, even when the possibility exists that the conviction may be used to enhance a future sentence.").

On June 6, 1991, Petitioner was sentenced to one-and-a-half to four years for his 1991 Conviction. (Pet. 1, 10.) On April 6, 1994, Petitioner was sentenced to a term of imprisonment of eighteen to thirty-six months on the 1994 Convictions. (Pet. for Writ of Coram Nobis for 1992 and 1993 Indictments 2, annexed to Pet. as Ex. C., Docket Entry No. 1.) Although Petitioner does not state when he completed serving his terms of incarceration for his 1991 or 1994 Convictions, Petitioner would have completed his sentences, at the latest, in 1998. Petitioner did not file the instant petition until October 22, 2017, approximately twenty years after the completion of his sentence on the 1994 Convictions. In addition, even if Petitioner's 2012 Conviction was enhanced as a result of the 1991 or 1994 Convictions, Petitioner is not in custody for purposes of obtaining habeas review of the 1991 or 1994 Convictions. The fact that the 1991 or 1994 Convictions may have been used to enhance a subsequent sentence does not satisfy the "in custody" requirement. *Lackawanna*, 532 U.S. at 403–04 ("[O]nce a state conviction is no longer open to direct or collateral attack in its own right . . . [and] that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the sentence through a petition under [section 2254] on the ground that the prior conviction was unconstitutionally obtained."); *Calaff v. Capra*, 714 F. App'x 47, 51 (2d Cir. 2017) (finding that the petitioner was barred from challenging an expired conviction that was used to enhance a subsequent conviction); *Perez v. Haynes*, No. 10-CV-0713, 2012 WL

5

4738997, at *2 (E.D.N.Y. Oct. 3, 2012) (finding that the petitioner, whose federal sentence was enhanced because of earlier state conviction, was not in custody for purposes of challenging state conviction when maximum term of state sentence had expired); *Thrower v. New York*, No. 08-CV-4901, 2008 WL 5333469, at *1 (E.D.N.Y. Dec. 19, 2008) (same).

### c. Timeliness

Even if Petitioner was in custody pursuant to the 1991 or 1994 Convictions he seeks to challenge, the petition is nevertheless time-barred under the one-year statute of limitations established in 28 U.S.C. § 2244(d)(1)(A).

With the passage of AEDPA, Congress set a one-year statute of limitations within which a person in custody pursuant to a state court conviction may file a petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which the latest of four events occurs:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A–D); *see also Lindh v. Murphy*, 521 U.S. 320, 327 (1997) (interpreting section 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act"); *Favourite v. Colvin*, --- F. App'x ---, 2018 WL 6487109, at *1 (2d

Cir. Dec. 14, 2018) ("[AEDPA] imposes a one-year statute of limitations for filing a habeas corpus petition, which begins to run following . . . the date on which the judgment became final.").

A judgment of conviction is "final" within the meaning of 28 U.S.C. § 2244(d)(1)(A) upon completion of a defendant's direct appeal in the respective state's highest court and either completion of proceedings before the United States Supreme Court if the petitioner chooses to file for a writ of certiorari, or the expiration of time to seek certiorari before the United States Supreme Court. *McKinney v. Artuz*, 326 F.3d 87, 96 (2d Cir. 2003); *see also Williams v. Artuz*, 237 F.3d 147, 150–51 (2d Cir. 2001) (noting a petitioner's judgment of conviction becomes final ninety days from the date the New York Court of Appeals denies leave to appeal).

The New York Court of Appeals denied Petitioner's motion to seek leave to appeal his 1991 Conviction on October 26, 1993.[4] (Pet. for Writ of Coram Nobis for 1991 Indictment 2, annexed to Pet. as Ex. B., Docket Entry No. 1.) Thus, Petitioner's 1991 Conviction became final ninety days later, on January 26, 1994, when the time to seek a writ of certiorari in the Supreme Court of the United States expired. *Saunders v. Senkowski*, 587 F.3d 543, 547 (2d Cir. 2009). For the reasons set forth below, the instant petition appears untimely.

---

[4] Although Petitioner appears to assert that he appealed all his convictions, his petition only provides details as to the appeal of his 1991 Conviction. (*See* Pet. 7–9, 62.) Because Petitioner does not allege that he appealed his 1994 Convictions, the 1994 Convictions became final when his time for seeking review with the New York Court of Appeals expired. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) ("We thus agree with the Court of Appeals that because [the petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired."). Since Petitioner had thirty days to seek leave to appeal, it appears that his 1994 Convictions became final on May 6, 1994. *See* N.Y. C.P.L. 460.10.

7

### i. Statutory tolling

In calculating the one-year limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). However, filing a post-conviction motion does not re-start the one-year statute of limitations period anew. Rather, the tolling provision under section 2244(d)(2) merely excludes the amount of time a post-conviction motion is under submission from the calculation of the one-year statute of limitations. *Saunders v. Senkowski*, 587 F.3d 543, 548 (2d Cir. 2009) (noting that a section 440.10 motion is "pending" beginning on the day it is filed and ending when it is disposed); *Doe v. Menefee*, 391 F.3d 147, 154 (2d Cir. 2004) (noting that a state collateral proceeding commenced after the limitations period has run does not restart the limitations period); *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000).

Petitioner did not file any state petitions for collateral relief until November of 2013. (Pet. 24, 62.) Although the time during which Petitioner's application for state post-conviction review was pending should not be counted towards the limitations period, Petitioner filed his post-conviction relief motion in November of 2013, more than one year after his 1991 Conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Since the instant petition was filed after the limitations period expired, it is barred by 28 U.S.C. § 2244(d).

### ii. Equitable tolling

Courts will equitably toll the statute of limitations for a period of time if the petitioner shows, for the relevant period, "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Dillon v. Conway*, 642 F.3d 358, 362 (2d Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (internal quotation marks omitted). To show that he has been pursuing his rights, a

petitioner must demonstrate that he acted with "reasonable diligence throughout the period he seeks to toll." *Smith,* 208 F.3d at 17 (citing *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d. Cir. 1996)); *see Harper v. Ercole*, 648 F.3d 132, 134 (2d Cir. 2011) (holding that a petitioner is "required to show reasonable diligence in pursuing his claim throughout the period he seeks to have tolled").

In addition, application of equitable tolling is only warranted in rare and exceptional cases, where "extraordinary circumstances" — meaning severe obstacles to petitioner's ability to comply with AEDPA's limitation period — prevent the petitioner from filing on time. *See Rivera v. United States*, 448 F. App'x 145, 146 (2d Cir. 2011) ("To equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll."); *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (noting that mental incapacity may constitute extraordinary circumstances, depending on the facts presented); *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (finding that equitable tolling "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances"). Petitioner has not provided facts to support equitable tolling sufficient to preserve the timeliness of his claim.

### iii. Petitioner's actual innocence claim does not toll the statute of limitation

Petitioner raises "actual innocence" as a basis to toll the statute of limitations so that the Court can consider the merits of his habeas petition.

A showing of actual innocence serves merely as a gateway to the airing of a petitioner's

procedurally defaulted claims and is not itself cognizable as a free-standing basis for relief. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."); *Rivas v. Fischer*, 687 F.3d 514, 541 (2d Cir. 2012) ("[A] petitioner seeking access to a federal habeas court in the face of a procedural obstacle must advance both a legitimate constitutional claim and a credible and compelling claim of actual innocence.") A habeas court is, in short, concerned "'not [with] the petitioners' innocence or guilt but solely [with] the question whether their constitutional rights have been preserved.'" *Moore v. Dempsey*, 261 U.S. 86, 87–88 (1923)).

The Supreme Court has yet to hold that there is a freestanding federal constitutional claim of actual innocence; Petitioner therefore cannot show that the state court's decision denying his actual innocence claim was contrary to, or an unreasonable application of, clearly established federal law. *See District Attorney's Office v. Osborne*, 557 U.S. 52, 71 (2009) ("Whether [a federal right to be released upon proof of actual innocence] exists is an open question. We have struggled with it over the years, in some cases assuming, *arguendo*, that it exists while also noting the difficult questions such a right would pose and the high standard any claimant would have to meet." (citations omitted)); *see also McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." (alteration, citation, and internal quotation marks omitted)).

Even assuming the existence of a freestanding federal claim of actual innocence, the Supreme Court has suggested that the threshold showing for such a claim would be "extraordinarily high." *Herrera*, 506 U.S. at 417; *see also Osborne*, 557 U.S. at 71 (noting the

high standard that actual innocence claimants would have to meet). This threshold would require proof of innocence that meets and exceeds the standard articulated in those cases that allowed a colorable claim of actual innocence to revive procedurally defaulted claims. *See Schlup v. Delo*, 513 U.S. 298 (1995); *House v. Bell*, 547 U.S. 518, 555 (2006) ("The sequence of the Court's decisions in *Herrera* and *Schlup* — first leaving unresolved the status of freestanding claims and then establishing the gateway standard — implies at the least that *Herrera* requires more convincing proof of innocence than *Schlup*.").

To satisfy the standard articulated in those cases and revive procedurally defaulted claims, "a claim of actual innocence must be both 'credible' and 'compelling.'" *Rivas*, 687 F.3d at 541 (citing *House*, 547 U.S. at 521, 538). A credible claim of actual innocence consists of "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324. "For the claim to be 'compelling,' the petitioner must demonstrate that 'more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt — or to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.'" *Rivas*, 687 F.3d at 541 (quoting *House*, 547 U.S. at 538). A district court must "'consider all the evidence, old and new, incriminating and exculpatory,' and, viewing the record as a whole, . . . 'make a probabilistic determination about what reasonable, properly instructed jurors would do.'" *Id.* (quoting *House*, 547 U.S. at 538).

In support of his actual innocence claim, Petitioner argues, *inter alia*, that his guilty pleas for the 1991 and 1994 Convictions were coerced, that prosecutors committed misconduct by using falsified evidence, and that his defense attorneys were ineffective by failing to properly investigate or present exculpatory evidence. (*See* Pet. 19–20.) Petitioner fails to present any new credible or compelling evidence. Instead, Petitioner relies on evidence known to the parties

11

and the state court but not the jury — namely, Petitioner's own unsupported allegations, an alleged inconsistency regarding the whereabouts of shell casings, and an alleged alibi witness for one of his 1994 Convictions, whose testimony counsel refused to present to the jury.[5] (*See Id*. at 21, 24–26, 28–29.)  Petitioner does not rely on or present any "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," that was not presented at trial.  *Schlup*, 513 U.S. at 324; *see also Rivas*, 687 F.3d at 546–47 (finding that the petitioner had "a close case" that only passed the *Schlup* standard because the petitioner was able to present reliable scientific expert testimony not presented to the jury and the Second Circuit "would not expect a lesser showing of actual innocence to satisfy the *Schlup* standard"); *Menefee*, 391 F.3d at 161 (finding that there is a "limited . . . type of evidence on which an actual innocence claim may be based" "in order to take advantage of the gateway" which includes "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial." (citing *Schlup*, 513 U.S. at 324) (internal quotation marks omitted)); *see also Osorio v. Conway*, 496 F. Supp. 2d 285, 305 (S.D.N.Y. 2007) (explaining that trial counsel's decision not to call alibi witness was justified because, *inter alia*, "counsel was concerned that a jury would not find [the witness] credible"); *Perkins v. Comm'r of Correctional Serv.'s*, No. 04-CV-2307, 2005 WL 3591722, at *5 (E.D.N.Y. Dec. 30, 2005) ("Thus, unless alibi witnesses are strong and corroborative proofs support their assertions, experienced defense counsel may eschew potentials of alibi proofs for fear that juries may assess relative credibility rather than reasonable doubt.").  Thus, Petitioner is not entitled to tolling of the statute of limitations to excuse the lateness of his petition as his claim of actual innocence is neither credible nor

---

[5] Petitioner's allegation of a violation pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) appears to be part of his general claim that the state knowingly used falsified evidence. Petitioner fails to provide any specific details as to this alleged *Brady* violation.  (*See* Pet'r Mem. 28 ("Moreover, the People violated their obligations pursuant to *Brady v. Maryland*.").)

compelling.

### d. Challenge to federal sentence based on allegedly invalid prior convictions

Construed liberally, the petition challenges Petitioner's 1991 and 1994 Convictions for enhancing his federal sentence by ten years. (Pet. 66, 82) ("[T]hese falsely entered pleas, judgments, and convictions . . . result[ed] in an unjust (tainted) Federal conviction, with over ten years in sentence enhancements due to falsely entered g]uilty [p]leas in [state court].").

As recognized by the Supreme Court, the "in custody" requirement may be satisfied as to a later conviction if a *pro se* petition, liberally construed, can be read as asserting a challenge to Petitioner's current sentence, as enhanced by the allegedly invalid prior conviction. *See Lackawanna*, 532 U.S. at 401–02 (citing *Maleng*, 490 U.S. at 493). "The Supreme Court has recognized" that "where a prior conviction was obtained in violation of a defendant's Sixth Amendment right to trial counsel . . . defendant can use that violation to attack a sentence that was enhanced because of the prior conviction." *Calaff v. Capra*, 714 F. App'x at 50 (citing *Lackawanna*, 532 U.S. at 404).

However, even if the petition is read as a challenge to Petitioner's current federal sentence based on the alleged invalid 1991 and 1994 Convictions, the Court cannot adjudicate the petition because Petitioner has already moved to attack the federal sentence pursuant to section 2255. *See Djenasevic v. United States*, No. 15-CV-914, 2018 WL 2943260 (M.D. Fl. June 12, 2018) (denying petitioner's motion under section 2255). There is no indication that Petitioner has sought leave from the United States Court of Appeals for the Eleventh Circuit to file a second or successive section 2255 application, which is required before this Court can entertain a challenge to his federal conviction. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the

application."); *United States v. Tapia–Ortiz*, 593 F. App'x 68, 70–71 (2d Cir. 2014) (noting that district court would not have had authority to review a section 2255 motion because respondent had not sought leave to file a second or successive motion). Therefore, this Court may not entertain the petition as a challenge to Petitioner's federal conviction.

## III. Conclusion

For the foregoing reasons, the Court denies the petition for a writ of habeas corpus for lack of jurisdiction. The Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253. It is further certified pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to close the case.

Dated: February 15, 2019
       Brooklyn, New York

SO ORDERED:

       s/ MKB
MARGO K. BRODIE
United States District Judge