UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------
KABIL DJENASEVIC,

                           Petitioner,

          v.

PEOPLE OF THE STATE OF NEW YORK,

                           Respondent.
-----------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
17-CV-6366 (MKB)

MARGO K. BRODIE, United States District Judge:

Petitioner Kabil Djenasevic,[1] proceeding *pro se* and currently incarcerated at a federal facility, brought the above-captioned petition for habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being held in custody pursuant to judgments of a state court in violation of his federal constitutional rights. (Pet. for Writ of Habeas Corpus ("Pet."), Docket Entry No. 1.)[2] By Memorandum and Order dated February 15, 2019 (the "February 2019 Decision"), the Court denied the petition for lack of jurisdiction. (February 2019 Decision, Docket Entry No. 5.) On March 4, 2019, Petitioner moved to vacate the judgment entered on February 19, 2019 and, in effect, seek reconsideration of the Court's February 2019 Decision, pursuant to Rule 60(b)(2), (3), (6), and 60(d) of the Federal Rules of Civil Procedure. (Pet'r Decl. in Supp. of Mot. for

---

[1] Petitioner is also known as Anton Genase, Kabil Genase, and Kabil Kraja. *See United States v. Djenasevic*, 248 F. App'x 135 (11th Cir. 2007).

[2] Petitioner attaches multiple documents to the petition, including copies of his post-conviction motions in state court. (Pet. 35–84.) Because the attachments are not labeled or consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") system.

Relief ("Pet'r Mot."), Docket Entry No. 9.)[3] For the reasons discussed below, the Court denies Petitioner's motion.

I. **Background**

   a. **Petitioner's challenged convictions**

On June 6, 1991, Petitioner was convicted of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree (the "1991 Conviction"). (Pet. 10.) Petitioner was sentenced to a term of imprisonment of one-and-a-half years to four years. (*Id*. at 1.) On August 16, 1993, the Appellate Division, Second Department affirmed the conviction and sentence. *People v. Kraja*, 602 N.Y.S.2d 42 (App. Div. 1993). On October 26, 1993, the New York Court of Appeals denied leave to appeal. *People v. Kraja*, 624 N.E.2d 1037 (1993). Petitioner filed a motion to vacate judgment in state court on November 5, 2013; the state court denied the motion on July 24, 2014. (Pet. 10.) On May 16, 2015, the Appellate Division, Second Department denied Petitioner leave to appeal. (*Id*. at 42.)

On April 6, 1994, Petitioner was convicted of attempted robbery and grand larceny[4] and sentenced to a term of eighteen months to thirty-six months (the "1994 Convictions"). (*Id*. at 1, 26–28.)

On May 30, 2012, Petitioner was convicted of conspiracy to possess with intent to distribute one kilogram or more of heroin, distribution of heroin, and being a felon in possession of a firearm in the United States District Court for the Middle District of Florida, and was sentenced to 292 months in custody (the "2012 Conviction"). *See Djenasevic v. United States*,

---

[3] Because the motion is not consecutively paginated, the Court refers to the page numbers assigned by the ECF system.

[4] It appears that Petitioner's charges for attempted robbery and grand larceny were under separate indictments but were consolidated for purposes of a guilty plea and sentence. (Pet. 62.)

2

No. 15-CV-914, 2018 WL 2943260, at *2 (M.D. Fl. June 12, 2018). Petitioner is currently serving his sentence for the 2012 Conviction.

### b. February 2019 Decision

In the February 2019 Decision, the Court denied the petition for lack of jurisdiction. (February 2019 Decision 14.) The Court found that Petitioner is not "in custody" on the convictions he challenges and that, in any event, the petition is time-barred under the one-year statute of limitations established in 28 U.S.C. § 2244(d)(1)(A). (*Id*. at 4–6.)

The Court also held that, even if the petition is read as a challenge to Petitioner's current federal sentence based on the alleged invalid state court convictions, the Court cannot adjudicate the petition because Petitioner has already moved to attack the federal sentence pursuant to section 2255 and there is no indication that Petitioner has sought leave from the United States Court of Appeals for the Eleventh Circuit to file a second or successive section 2255 application. (*Id*. at 13.)

## II. Discussion

### a. Standard of review

Federal Rule of Civil Procedure 60(b) provides for relief from a final judgment, order, or proceeding in the case of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Reese v. Bahash*, 574 F. App'x 21, 23 (2d

3

Cir. 2014) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). Such a motion "must be made within a reasonable time," *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citing Fed. R. Civ. P. 60(c)), and cannot be used "as a substitute for appeal," *Stevens v. Schneiderman*, No. 05-CV-10819, 2011 WL 6780583, at *5 (S.D.N.Y. Dec. 23, 2011) (quoting *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009)). "A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Maldonado v. Local 803 I.B. of Tr. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013) (citing *Zerman v. Jacobs*, 751 F.2d 82, 85 (2d Cir. 1984)).

Each of the first five subsections of Rule 60(b) addresses a particular circumstance under which a party can obtain relief from a final judgment. *See Dugan v. United States*, No. 11-CV-3973, 2015 WL 5244341, at *3 (E.D.N.Y. Sept. 8, 2015). Relevant to Petitioner's motion, "Rule 60(b)(2) provides relief when the movant presents newly discovered evidence that could not have been discovered earlier and that is relevant to the merits of the litigation." *Aponte v. City of N.Y. Dep't of Corr.*, 377 F. App'x 99, 100 (2d Cir. 2010) (quotation marks omitted) (quoting *Boule v. Hutton*, 328 F.3d 84, 95 (2d Cir. 2003)). Evidence that was "clearly available" at the time of the judgment is "not 'newly discovered'" for the purposes of a motion under Rule 60(b)(2). *Whitaker v. N.Y. Univ.*, 543 F. App'x 113, 114 (2d Cir. 2013).

"Rule 60(b)(3) motions 'cannot serve as an attempt to relitigate the merits' and may only be granted when the movant establishes a material misrepresentation or fraud by 'clear and convincing evidence.'" *ACE Investors, LLC v. Rubin*, 561 F. App'x 114, 117 (2d Cir. 2014) (quoting *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989)). Furthermore, a motion under subsection (b)(3) may fail if "the proffered evidence is irrelevant to the ultimate outcome." *Latimore v. NBC Universal Inc.*, 489 F. App'x 521, 521 (2d Cir. 2013) (first citing *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370 392–95 (2d Cir. 2001); and then citing *Fleming*, 865

4

F.2d at 485).

Further, "Rule 60(b)(6) relief is only available if Rules 60(b)(1) through (5) do not apply." *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012); *Stevens*, 676 F.3d at 67 ("Rule 60(b)(1) and Rule 60(b)(6) are 'mutually exclusive,' such 'that any conduct which generally falls under the former cannot stand as a ground for relief under the latter.'" (quoting *United States v. Cirami*, 535 F.2d 736, 740 (2d Cir. 1976))). In order to qualify for Rule 60(b)(6) relief, a party must also demonstrate either "extraordinary circumstances, or extreme hardship." *DeCurtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013) (quoting *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004)); *see also Stevens*, 676 F.3d at 67 (noting that "courts require the party seeking to avail itself of [Rule 60(b)(6)] to demonstrate that 'extraordinary circumstances' warrant relief" (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988))).

### b. Rule 60(b) motion in the habeas context

A motion claiming that a court "misapplied the federal statute of limitations" is properly heard as a Rule 60(b) motion. *Gonzalez v. Crosby*, 545 U.S. 524, 533 (2005). Although Rule 60 is not a proper vehicle for challenging "the underlying criminal conviction" from which the habeas proceeding arose, Rule 60(b) may be used to challenge the integrity of the habeas proceeding. *See Harris*, 367 F.3d at 77 ("[R]elief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding and not the underlying criminal conviction."); *Rodriguez v. Mitchell*, 252 F.3d 191, 199 (2d Cir. 2001) (holding that a motion to reopen a habeas proceeding under Rule 60(b) is permissible where it "relates to the integrity of the federal habeas proceeding, not to the integrity of the state criminal trial"); *Pena v. United States*, 859 F. Supp. 2d 693, 696 (S.D.N.Y. 2012) ("Federal Rule of Civil Procedure 60 may not be used to attack the underlying

5

criminal conviction . . . .").

When a Rule 60(b) motion attacks the petitioner's underlying conviction, a district court generally has two options: "(i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to [the Circuit Court of Appeals] for possible certification [under 28 U.S.C. § 2244(b)(2) ], or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" *Harris*, 367 F.3d at 82 (quoting *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002)). In considering both options, the Second Circuit has "cautioned district courts to":

> be careful not to recharacterize a portion of the 60(b) motion as a second or successive collateral attack and transfer it to this Court until the prisoner has been informed of the district court's intent to transfer and afforded a sufficient opportunity to avoid the transfer by withdrawing (perhaps for later refiling explicitly as a new collateral attack) the portion of his 60(b) motion that the district court believes presents new challenges to the underlying conviction.

*Id*. (quoting *Gitten*, 311 F.3d at 534).

### c. Petitioner's motion is outside the scope of Rule 60(b)

Petitioner asserts that he is entitled to relief under subsections (2) (newly discovered evidence), (3) (fraud), and (6) (exceptional circumstances) of Rule 60(b). (*See generally* Pet'r Mot.) Read liberally, Petitioner's motion challenges the Court's finding that his petition is time barred, but in doing so, also presents claims challenging his 1991 and 1994 Convictions.

In arguing that the Court erred in finding his petition time barred, Petitioner raises the same arguments raised in his habeas petition. (*See* Pet'r Mot. 2 (arguing that his petition is not time barred because "fraud on the Courts is never time restricted")). In asserting fraud on the Court, Petitioner alleges that state court prosecutors presented false evidence and made false statements in relation to Petitioner's 1991 and 1994 Convictions. (*Id*.) In support of his argument, Petitioner relies on *In re Pickard*, 681 F.3d 1201 (10th Cir. 2012), which is

6

unavailing. In *Pickard*, the defendant claimed that "the prosecution improperly withheld information during [section 2255] proceedings." 681 F.3d at 1205. The Tenth Circuit found that the defendant brought a proper Rule 60(b) motion because he alleged that the prosecutor committed fraud in the section 2255 proceedings, not in the underlying criminal conviction. *Id*. at 1206. In contrast, Petitioner alleges fraud only in relation to his prior criminal convictions. Indeed, Petitioner makes no allegations of fraud in connection with the Court's adjudication of his petition. As a result, Petitioner's renewed attack on the 1991 and 1994 Convictions do not warrant the Court vacating the judgment. *See Pena*, 859 F. Supp. at 693 (denying the petitioner's Rule 60 motion where the petitioner challenged his criminal conviction and not "the integrity of the habeas proceeding"); *Hoffenberg v. United States*, No. 00-CV-1686, 2010 WL 1685558, at *4 (S.D.N.Y. Apr. 26, 2010) ("Rule 60(b) is not a vehicle to relitigate issues already raised during a prior [s]ection 2255 proceeding."); *Davis v. United States*, No. 08-CV-7515, 05-CV-0694, 2009 WL 222354, at *1 (S.D.N.Y. Jan. 27, 2009) ("Rule 60(b) cannot serve as a means to relitigate the denial of a § 2255 petition . . . ."); *Salazar v. United States*, No. 05-CV-7496, 02-CR-0360, 2006 WL 3802191, at * 1 (S.D.N.Y. Dec. 27, 2006) ("Because the motion simply recasts the same arguments petitioner raised in his first habeas motion the motion is nothing more than a successive petition for habeas relief disguised as a Rule 60(b) motion and is therefore denied.").

Further, as to Rule 60(b)(2), Petitioner does not present any newly discovered evidence relevant to the merits of the litigation. Moreover, seeking to present newly discovered evidence is beyond the scope of a Rule 60(b) motion. *See Gonzalez*, 545 U.S. at 531 (observing that where a motion "seek[s] leave to present 'newly discovered evidence,' . . . in support of a claim previously denied[,]" it should be treated as a successive habeas petition (citation omitted)); *Afrika v. New York*, No. 12-CV-0537, 2014 WL 1347762, at *1–2 (W.D.N.Y. Apr. 4, 2014)

7

(finding that "[a]lthough [the] [p]etitioner . . . couched his argument as a challenge to the integrity of the habeas proceeding, he, in substance, challenges the underlying conviction by arguing that the People 'utilized constitutionally suppressed and inadmissible evidence' at his trial and that the manner in which the People's forensic serologist performed DNA testing was flawed'" and thus the petitioner's motion was outside the scope of Rule 60(b)); *Kearney v. Graham*, No. 06-CV-6305, 2010 WL 3023668, at *2 (E.D.N.Y. July 29, 2010) ("As the Supreme Court has made clear, [the petitioner's] claim pursuant to Rule 60(b)(2), seeking leave to present 'newly discovered evidence' that allegedly proves the unfairness of his state court trial, is not properly brought under Rule 60(b)." (citing *Gonzalez*, 545 U.S. at 531)). Therefore, Rule 60(b)(2) does not provide a basis for the Court to vacate the judgment.

As to Rule 60(b)(3), Petitioner alleges that law enforcement officers and state prosecutors committed fraud in relation to his 1991 and 1994 Convictions. (Pet'r Mot. 1.) However, as explained above, a Rule 60 motion must "relate[ ] to the integrity of [a prior] federal habeas proceeding, not to the integrity of the criminal trial." *Harris*, 367 F.3d at 80. Petitioner only alleges fraud in relation to the 1991 and 1994 Convictions and therefore his motion is outside the ambit of a Rule 60(b) motion. *See Jones v. Ryan*, 733 F.3d 825, 834 (9th Cir. 2013) ("Proper Rule 60(b) motions include those alleging fraud on the federal habeas corpus court . . . ."); *Kearney*, 2010 WL 3023668, at *2 (finding that the habeas petitioner's allegations of "fraudulent scientific forensic testimony [and] perjured evidence" in relation to the underlying criminal conviction was not properly brought under a Rule 60(b)(3) motion).

Lastly, the "rare relief" afforded by Rule 60(b)(6) is not available, as Petitioner has not demonstrated any "extraordinary circumstances" or "extreme hardship" caused by not vacating judgment. *DeCurtis*, 529 F. App'x at 86; *see also Gonzalez*, 545 U.S. at 535 (noting that rarely would a petitioner be able to show "extraordinary circumstances" in the habeas context). As

8

discussed above, Petitioner's motion seeks to relitigate issues already decided and thus "plainly fail[s] to demonstrate the 'exceptional circumstances' that could merit the exercise of the district court's discretion to grant relief from its prior decision." *Kroemer v. Tantillo*, 758 F. App'x 84, 87 (2d Cir. 2018). Although Petitioner contends that the Court failed to address the merits of his petition, Petitioner fails to show how the Court erred in finding that his petition was time barred under the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act. *See Branch v. Superintendent, Five Points Corr. Facility*, No. 11-CV-227, 2014 WL 6737000, at *3 (E.D.N.Y. Dec. 1, 2014) (denying the petitioner's Rule 60 motion because, although a "showing of actual innocence can overcome the one-year statute of limitations for filing habeas petitions," the petitioner "offer[ed] no evidence demonstrating his actual innocence"); *Brigian v. Lee*, No. 00-CV-2675, 2013 WL 3863913, at *2 (E.D.N.Y. July 24, 2013) (denying the petitioner's Rule 60 motion where the petitioner sought relief from the court's decision that his petition was time-barred because the petitioner's reliance on recent decisions from the Supreme Court did not change the court's decision). Moreover, although Petitioner argues that he did object to the use of the 1991 and 1994 Convictions during sentencing on his 2012 Conviction, (Pet'r Mot. 2), the Court previously found, and Petitioner does not meaningfully challenge, that because Petitioner has already moved to attack the federal sentence pursuant to section 2255, the Court cannot entertain a challenge to his 2012 Conviction without Petitioner first seeking leave from the appropriate Circuit Court of Appeals. (February 2019 Decision 13); *see United States v. Tapia–Ortiz*, 593 F. App'x 68, 70–71 (2d Cir. 2014) (noting that district court would not have had authority to review a section 2255 motion because respondent had not sought leave to file a second or successive motion). Accordingly, the Court denies Petitioner's motion as outside the scope of Rule 60(b).

### d. Petitioner has not presented a basis to vacate the judgment under Rule 60(d)

Petitioner is similarly not entitled to relief for "fraud upon the court" under Rule 60(d)(3). Fraud upon the court "embrace[s] only that species of fraud which . . . defile[s] the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002); *see also Millan v. United States*, No. 09-CV-10014, 2011 WL 5169443, at *4 (S.D.N.Y. Oct. 31, 2011) ("[P]ost-conviction relief under Rule 60(d)(3) is unavailable because [p]etitioners . . . are attacking the integrity of the [criminal] trial, not their prior habeas proceedings."). Petitioner does not allege fraud upon the court, instead Petitioner makes the same arguments raised in his petition concerning the 1991 and 1994 Convictions. (Pet'r Mot. 1.) Thus, there is no support for Petitioner's 60(d) motion.

Accordingly, the Court denies Petitioner's motion to vacate the judgment.

### III. Conclusion

For the foregoing reasons, the Court denies Petitioner's motion to vacate the judgment. The Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253. It is further certified pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to close the case.

Dated: May 30, 2019
Brooklyn, New York

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge